UNTIED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON
NO. 5:18-CR-81-REW

| | |
|---|---|
| UNITED STATES OF AMERICA | PLAINTIFF |
| V. | |
| ANDREW GILBERT YBARRA II | DEFENDANT |

### SENTENCING MEMORANDUM

Comes the Defendant Andrew G. Ybarra II (hereinafter "Andrew"), by counsel, and hereby respectfully tenders this Sentencing Memorandum setting forth the factors that the Court should consider in determining what type and length of sentence is sufficient, but not greater than necessary, to comply with the statutory directives set forth in 18 U.S.C. 3553(a).

### **BACKGROUND**

Andrew is a 27-year-old from Patterson, California. He benefited from a stable middle-class upbringing and a family with a strong spiritual foundation. Regrettably Andrew engaged in illegal activity in his early-20s that results in this Court determining a just punishment for his guilty plea to one count of conspiracy to commit money laundering. Andrews laundered and/or attempted to launder $230,871 worth of proceeds from the online auction fraud scheme.

Andrew pleaded guilty on September 9, 2019 to one count of conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h). [R. 336: Plea Agreement]. Andrew has no prior criminal convictions beyond a California state court conviction related to this underlying conspiracy.

Andrew's family and support system have provided letters attached as Composite Exhibit A.

1

**OUTSTANDING OBJECTIONS AND ISSUES IN THE PSR**

There are three outstanding issues from the Presentence Investigate Report ("PSR"): (1) the loss amount; (2) enhancement for sophisticated laundering; and (3) the leadership enhancement.

**Loss Amount**

As set forth the Plea Agreement, "[t]he United States argues that the offense level should be Enhanced by 16 levels for a loss amount exceeding $1,500,000." Andrew argues that a 10 level enhancement is appropriate based upon his laundering and/or attempted laundering of $230,871 worth of proceeds from the online auction fraud scheme. U.S.S.G. §2B1.1(b)(1)(F).

When determining the loss amount applicable to Andrew's sentence in a jointly undertaken criminal activity, a Defendant is accountable for the conduct (acts and omissions) of others that was:

> (i) within the scope of the jointly undertaken criminal activity;
>
> (ii) in furtherance of that criminal activity; and
>
> (iii) reasonably foreseeable in connection with that criminal activity.
>
> U.S.S.G. § 1B1(a)(1)(B).

With regard to Andrew, loss amount attributable to the conspiracy prior to his joining and active engagement of the conspiracy is not appropriately included in the loss amount. See U.S.S.G. § 1B1(a)(1)(B), cmt. N. 3(B). ("A defendant's relevant conduct does not include the conduct of members of a conspiracy prior to the defendant joining the conspiracy, even if the defendant knows of that conduct (e.g., in the case of a defendant who joins an ongoing drug distribution conspiracy knowing that it had been selling two kilograms of cocaine per week, the cocaine sold prior to the defendant joining the conspiracy is not included as relevant conduct in determining the defendant's

offense level).") Andrew's involvement was short lived and limited to ten (10) months, May 2016 to February 2017.

Additionally, Andrew contributed to a narrow scope of the conspiracy, not the entire scheme. The loss amount of $230,871 fairly includes the appropriate scope and loss amount.

### Exclusion of Enhancement for Sophisticated Laundering

The Plea Agreement provided for a four (4) level enhancement due to the offense involving sophisticated laundering. The Court previously ruled, with regards to codefendant Eugen-Alin Badea, that the enhancement only applies when the Guidelines Calculation includes the application of Section 2S1.1(b)(2)(B). The same analysis relates to Andrew and the additional two (2) level enhancement should be excluded.

### Leadership Enhancement

While the PSR assess a four (4) - level enhancement for Andrew's leadership role, the United States recommends a two (2)-level enhancement under the Guidelines for Leadership. While Andrew agrees the four (4)-level enhancement is inappropriate, he believes the facts support no enhancement based upon his role in the offense. Andrew did not organize, lead, manage or supervise any indicted codefendants or any individuals held criminal responsible for the commission of the offense. Andrew is the last named codefendant in the indictment and enhancing his sentence for "leadership" defies the Guidelines and plain meaning of leadership.

### ARGUMENT AND AUTHORITIES RELATING TO SENTENCING

In accordance with 18 U.S.C. § 3553(a), sentencing courts shall to impose a sentence sufficient, but not greater than necessary

>    (a) to reflect the seriousness of the offense, to promote respect for
>    the law, and to provide just punishment for the offense;

3

  (b) to afford adequate deterrence to criminal conduct;

  (c) to protect the public from further crimes of the defendant; and

  (d) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

### A. Nature and Circumstances of the Offense and the History and Characteristics of the Defendant

Conspiracy to commit money laundering is a serious offense and the base offense level reflects it. Andrew was young when he committed the subject offense. His bad judgment was amplified by the perceived anonymity of the internet and this activity was out of character for Andrew. This incident, including his state court conviction, has shocked Andrew and his family.

When considering the history and characteristics of the Defendant, Andrew encourages the Court to consider his age at the time the offense was committed and his potential to make positive changes moving forward.

As previously mentioned, Andrew was convicted in California state court related to this underlying scheme and served 6 months in prison and completed 3 years of probation. PSR pg. 12, ¶ 35).

### B. The Kind of Sentences Available.

Based upon the loss amount cited in the PSR, Andrews's base level offense is 24. Andrew's only prior criminal conviction relates to a state court plea to this underlying scheme and his criminal history score is zero. Pursuant to U.S.S.G. §3E1.1(a), Andrew accepted responsibility for the offense and should receive a three (3) level decrease. The PSR assess Andrew's offense level at 29 but includes a two (2) level increase based upon offense characteristic and four (4) level

4

increase for leadership. Based upon those issues previously addressed, the upper limit of Andrew's total offense level is 25 and relates to a guideline range for imprisonment of 57 to 71 months.

Should the Court determine that Andrew's loss amount justifies a base level offense of 18 and no leadership enhancement, Andrew's total offense level would equal 15 and equate to a guideline range for imprisonment of 18 - 24 months. Should the Court determine to provide Andrew with credit on the state court charges, his sentence could be reduced by another 6 months.

### C. Need To Avoid Unwarranted Sentence Disparities

The sentences of co-defendants have ranged from 30 months to 121 months with loss amounts, leadership levels, and additional concurrent sentences being the primary distinguishing factors.

### D. Need to Provide Restitution to Victims

Restitution has not yet been determined.

## CONCLUSION

Taking into consideration the various objections, the guideline calculation of the PSR, the sentences previously imposed on other defendants and the factors to be considered under 18 U.S.C.§3553(a), the Defendant believes that a sentence of 18 - 24 months would be sufficient, but not greater than necessary, to comply with the purposes of the Sentencing Act.

Respectfully Submitted,

/s/ Joseph D. Buckles_____
Joseph D. Buckles, Esq.
BUCKLES LAW OFFICE, PLLC
149 North Limestone
Lexington, Kentucky  40507
(859) 225-9540
(859) 251-6020 facsimile
Joe@JoeBuckles.com
COUNSEL FOR DEFENDANT,
ANDREW GILBERT YBARRA, II

**CERTIFICATE OF SERVICE**

I hereby certify that on April 19, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record herein.

/s/ Joseph D. Buckles_____
COUNSEL FOR DEFENDANT
ANDREW GILBERT YBARRA, II